IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSHUA LONG, #24017782          §
                               §
        Petitioner,            §
                               §
v.                             §      No. 3:25-cv-00270-L (BT)
                               §
DALLAS COUNTY SHERIFF,         §
                               §
        Respondent.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Joshua Long filed a *pro se* document while incarcerated in the Dallas County Jail. *See* Petition (ECF No. 3). In the document, Long differentiates between "Joshua Long" and "Joshua Jermaine Long," claiming that the latter is a "strawman/corporate fiction" with the ability to authorize the former to conduct Long's affairs. *See id.* at 1-5. Long also attached pleadings from his then-ongoing criminal proceedings in Dallas County to his document, so the Court construed it as an application for habeas relief under 28 U.S.C. § 2241. *See Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (recognizing that state pretrial detainees may bring pretrial challenges under 28 U.S.C. § 2241).

The Court now recommends that the District Judge should dismiss Long's Petition without prejudice as moot because the State dismissed the charges against him, or under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.

## Analysis

### 1. The District Judge should dismiss Long's case as moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). A case is moot when the court can no longer grant any effectual relief. *Motient Corp. v. Dondero,* 529 F.3d 532, 537 (5th Cir. 2008). The Court is "obliged to raise the subject of mootness *sua sponte*." *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (citation omitted).

Here, the State dismissed the criminal charges that Long challenges. *See State of Texas v. Joshua Jermaine Long*, F-24-30749, F-24-30750, F-24-30751 (Dallas Cnty. Crim. Dist. Ct. No. 3, Aug. 13, 2025) (order dismissing charges for possession of cocaine with intent to deliver, unlawful possession of a firearm by a felon, and possession of methamphetamine with intent to deliver); Petition at 6-10. And available information shows that Long is no longer confined in the Dallas County Jail on these charges. Dallas County Online Jail Search (search for Long's prisoner number, last visited March 23, 2026). Thus, Long's Petition is now moot and should be dismissed. *See*, *e.g., Williams v. Sterrect,* 2021 WL 2481892, at *3 (N.D. Tex. May 19, 2021) (Ramirez, J.) ("Here, Petitioner's Fourth Amendment and *Brady* challenges to his pre-trial detention were pending when the charges

against him in Cause No. F-1955255 were dismissed, and he was released from custody. Because the only relief he sought was dismissal of the case or his release from pretrial detention, the dismissal of his case by the Dallas District Attorney and his release from custody while his petition was pending renders his § 2241 claims moot.") (collecting cases), *rec. accepted* 2021 WL 2480167 (N.D. Tex. June 16, 2021) (Starr, J.); *see also Legg v. Bureau of Prisons*, 2008 WL 4590426, at *1 (S.D. Tex. Oct. 14, 2008) ("Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, the petitioner's release, generally, moots a habeas petition.") (citing *Lane v. Williams*, 455 U.S. 624, 632 (1982)).

2. **Alternatively, the District Judge should dismiss Long's case under Rule 41(b).**

Alternatively, the District Judge should still dismiss Long's petition under Rule 41(b). Long did not pay the $5.00 filing fee to initiate a habeas action or move for leave to proceed *in forma pauperis* with the required certificate of inmate trust account, nor did he file his petition for habeas relief on the Court-approved form for actions filed under § 2241. Accordingly, the Court issued an order and notice of deficiency (NOD) requiring Long to correct these deficiencies by March 5, 2025, and it supplied the forms necessary for compliance. NOD (ECF No. 4). The Court warned Long that his failure to comply with the instructions in the NOD could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b). *Id.*

Long's deadline for compliance with the NOD has passed, but he has not complied with the Court's instructions or otherwise responded to the NOD.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Long's failures to pay the full filing fee or submit a proper IFP application with a certificate of inmate trust account and to file a habeas application on the Court's approved form have prevented this action from proceeding.

Thus, even if Long's case is not moot, the District Judge should still dismiss it without prejudice for failure to prosecute and failure to follow Court orders. *See, e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) (Ramirez, J.) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account,

and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020) (Kinkeade, J.); *Texas v. Hill*, 2020 WL 5913669, at *1 (N.D. Tex. Sept. 14, 2020) (Ramirez, J.) ("The petitioner failed to comply with the orders that he file his § 2241 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. The case should therefore be dismissed under Rule 41(b) for failure to prosecute or follow court orders."), *rec. accepted* 2020 WL 5912417 (N.D. Tex. Oct. 6, 2020) (Lynn, J.).

## **Recommendation**

The District Judge should dismiss Joshua Long's habeas petition (ECF No. 3) without prejudice as moot or for failure to follow Court orders and to prosecute his case under Federal Rule of Civil Procedure 41(b).

**SO RECOMMENDED.**

March 23, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

6